United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE GONZALEZ OROZCO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-04872 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Maria Guadalupe Gonzalez Orozco, a noncitizen who has lived in the United States since approximately 2012. Dkt. No. 1 ¶ 22 (alleging that Petitioner last entered the United States in 2012); Dkt. No. 6-2 (noting that Petitioner last entered in the United States in 2013). Based on the Government's interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that she was a flight risk or danger to the community prior to revoking her previous release on bond. For the reasons explained below, the Court GRANTS the petition for writ of habeas corpus.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner, a native of Mexico, last entered the United States around 2012 or 2013, and was detained by U.S. Customs and Border Patrol shortly thereafter. Dkt. No. 1 ¶¶ 22–23; Dkt. No. 8-1 at 3. Following her arrest, Petitioner was placed into removal proceedings and released into the United States after posting a $1,500 bond. Dkt. No. 1 ¶ 23; Dkt. No. 8-1 at 3; Dkt. No. 1-1 at 15. Since 2012, Petitioner has lived and worked in Capistrano Beach, California and married a United States citizen. Dkt. No. 1 ¶

24–25. Respondents do not dispute these facts in their opposition. Her removal proceedings appear to be ongoing.

Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on February 25, 2026 while attending an immigration appointment with respect to her pending application to adjust status to a legal permanent resident. *Id.* ¶ 25. She has remained detained since that date, and has not been provided a bond hearing.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner filed this habeas petition arguing, among other things, that her re-detention without any finding of changed circumstances violates her procedural due process rights. *See* Dkt. No. 1 ¶¶ 52–52. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). For the reasons that follow, the Court finds that Petitioner's continued

United States District Court
Eastern District of California

detention violated her right to due process and orders her immediate release.

**A. Liberty Interest**

As an initial matter, Respondents oppose relief on the ground that Petitioner's detention is lawful under both 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a). Dkt. No. 6 at 2–4. However, as Petitioner was previously released by immigration authorities after posting bond, the Court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in h[er] continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025). In any event, Respondents' argument that Petitioner may be detained under § 1225(b)(2)(A) has been widely rejected across this circuit, and indeed, throughout the United States. *Bautista Villanueva v. Bondi*, No. 25-CV-4152-ABA, 2026 WL 100595, at *1 (D. Md. Jan. 14, 2026) (collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025). And though Respondents claim that Petitioner may also be lawfully detained under § 1226(a), they have made no showing that Petitioner has been provided the process she was entitled to under that statute, including a warrant authorizing her arrest and a custody redetermination hearing. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.")

"[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release."

*Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey*, 408 U.S. at 482). As such, Courts have found that noncitizens released on bond obtain a protected liberty interest in their continued freedom. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). Similarly, Petitioner has a protected liberty interest here.

### B. *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in her continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because she has been released pending civil removal proceedings for over fourteen years. In the intervening time, she has developed ties in her community working and supporting her family. "Her detention denies her that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690. The record before the Court indicates that there was no independent finding of changed circumstances before Petitioner was re-detained. In fact, nothing before the Court suggests that Petitioner has a criminal record, and it appears she has complied in her immigration proceedings since her release. Further, she was arrested by ICE while attending an immigration appointment, demonstrating a willingness to comply with immigration rules, rather than an indication of flight risk. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, she is entitled to release.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Maria Guadalupe Gonzalez Orozco from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they

are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

4. This Order does not address the circumstances under which Petitioner may be re-detained Petitioner in the even she becomes subject to an executable order of removal.

5. This order resolves all pending motions. Petitioner's motion for judgment on the pleadings is resolved as moot.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 2, 2026

EDWARD J. DAVILA
United States District Judge